IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**GERALD and DIANE PARKER,**                3:10-CV-1417-PK

    Plaintiff,                                ORDER

v.

**AMERICAN FAMILY INSURANCE
COMPANY and MID-CONTINENT
CASUALTY COMPANY,**

    Defendants.


**PETER J. VITEZNIK
ROBERT C. MUTH**
Kilmer, Voorhees, & Laurick, P.C.
732 N.W. 19th Ave.
Portland, OR 97209-1302
(503) 224-0055

    Attorneys for Plaintiffs

**TODD S. BARAN, P.C.**
4004 S.E. Division St.
Portland, OR 97202-1645
(503) 230-2888

    Attorney for Defendant American
    Family Insurance Company

1 - ORDER

**MATTHEW E. HEDBERG**
Bullivant Houser Bailey PC
300 Pioneer Tower
888 S.W. 5th Ave.
Portland, OR 97204-2089
(503) 228-6351

    Attorneys for Defendant
    Mid-Continental Casualty Company

**BROWN, Judge.**

    On October 4, 2012, Magistrate Judge Paul Papak issued Findings and Recommendation (#49) recommending the Court **DENY** Defendant American Family Insurance Company's Motion (#30) for Summary Judgment and **GRANT** Defendant Mid-Continent Casualty Company's Motion (#34) for Summary Judgment.

    Plaintiffs and Defendant American Family filed timely Objections to the Magistrate Judge's Findings and Recommendation. Accordingly, this matter is before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    For the following reasons, the Court **ADOPTS only in part** Magistrate Judge Papak's Findings and Recommendation (#22) and, accordingly **GRANTS in part** and **DENIES in part** Defendant American Family's Motion (#30) for Summary Judgment, and **GRANTS** Mid-Continent's Motion (#34) for Summary Judgment.

2 - ORDER

## STANDARDS

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

## BACKGROUND

Plaintiffs filed a complaint in Multnomah County Circuit Court in May 2007 alleging that Jon Mathis Custom Homes, Inc., participated in the defective construction of Plaintiffs' residence. At all relevant times Mathis was insured under liability policies issued by American Family and Mid-Continent. In November 2008 Plaintiffs reached a settlement with Mathis and American Family.

Plaintiffs now bring this action for breach of insurance contract(s) and/or equitable contribution against both insurers. Plaintiffs allege they stand as an insured in the shoes of Mathis because Mathis, following a mediation in state court, assigned to Plaintiff any claims that Mathis may have against both Defendants for insurance proceeds under the liability insurance policies issued to Mathis by American Family and Mid-Continent.

3 - ORDER

### AMERICAN FAMILY'S MOTION FOR SUMMARY JUDGMENT

American Family moves for summary judgment as to Plaintiffs' claims against American Family on the grounds that (1) it is not liable to Plaintiffs under the June 1, 2004-July 1, 2005, liability insurance policy that it issued to Mathis because Plaintiffs did not prove their damages claim against Mathis "through a trial but not any appeal" and (2) Mathis rather than Plaintiffs owned the home that Mathis built during the applicable policy period, thereby triggering the "owned-property" exclusion in the American Family policy.[1]

In the Findings and Recommendation the Magistrate Judge recommended the Court deny American Family's Motion on the grounds that (1) the requirement that Plaintiffs were required to prove their claim against Mathis "through a trial but not any Appeal" was ambiguous and unenforceable and (2) the "owned-property exclusion" did not apply to the insurance coverage under the policy issued by American Family.  American Family has filed timely Objections to those parts of the Findings and Recommendation.

**1.    Meaning of the Phrase "Through a Trial but not any Appeal."**

The Magistrate Judge found the phrase "through a trial

---

[1] In its Reply filed August 6, 2012, American Family withdrew that part of its Motion that sought summary judgment on the issue that Mathis did not owe any legal obligation to Plaintiffs.

4 - ORDER

but not any appeal" is ambiguous because it alternatively could mean (1) Plaintiffs must "resolve all claims against subcontractors *by means of* a trial, as opposed to settlement" or (2) Plaintiffs are required only to "resolve all claims against subcontractors *at the trial court level* before suing the insurers." Emphasis added. The Magistrate Judge further concluded both constructions of the phrase were plausible and noted an ambiguous contract provision is to be construed against the party who drafted it. *See Hoffman Constr. Co. v. Fred S. James,* 313 Or. 464, 470-71 (1992). The Magistrate Judge pointed out, however, that the record does not reflect who drafted the provision. Thus, resolution of any ambiguity would require presentation of extrinsic evidence by the parties that included identification of who drafted the language, which might be difficult because that particular phrase was agreed to during the course of mediation.

American Family, however, continues to argue the term "through a trial" is unambiguous and "plainly connotes that . . . claims [against] Mathis must be resolved through a trial." American Family relies on Oregon law regarding the interpretation of ambiguous terms as provided in Oregon Revised Statute § 42.260:

> When different constructions of a provision
> are otherwise equally proper, that

5 - ORDER

>           construction is to be taken that is most
>           favorable to the party in whose favor the
>           provision was made.

American Family appears to contend that the requirement of a full-blown trial would be more favorable to it, and, therefore, the Magistrate Judge erred when he found the term ambiguous under this statutory provision. American Family, however, does not explain how that would be so and does not point to any extrinsic evidence in the record to support its contention.

On this record the Court agrees with the Magistrate Judge that the phrase "through a trial but not any appeal" is ambiguous and that the existing record does not resolve that ambiguity. Accordingly, having considered American Family's Objections and having reviewed the pertinent portions of the record *de novo*, the Court **ADOPTS** the Magistrate Judge's recommendation as to this issue and **DENIES** American Family's Motion for Summary Judgment as to this issue.

## II. "Owned-Property" Exclusion.

American Family also argues the policy it issued to Mathis contains an "owned-property" exclusion that applied to insurance coverage under its policy, which was effective from June 1, 2004, to June 1, 2005. According to American Family, Mathis had title and the right to possession of the real property and the home that Mathis built until Plaintiffs purchased it by paying the

6 - ORDER

purchase price for the property on or before the July 25, 2005, closing date for the sale, which is after the relevant policy term. American Family argues it was only upon payment of the purchase price that Plaintiffs had the right to ownership and possession of the property. Because Mathis retained his ownership interest in the property until the July 25, 2005, closing date of the property transaction, American Family argues the owned-property exclusion under its policy that was in effect until June 1, 2005, excluded property damage coverage that occurred on or before that date.

The Magistrate Judge, however, concluded the term "owned property" as used in the policy is ambiguous and he relied on Oregon law relating to the Doctrine of Equitable Conversion and determined the nature of Mathis's ownership interest:

> [W]hen a property owner enters into a land sale contract, the purchaser[s] of the land is deemed the equitable owner thereof, and the seller is considered the owner of the purchase price, *which is a personal property interest*.

Emphasis added. *Cassidy v. Pavlonnis*, 227 Or. App. 259, 265 (2009)(citing *Panushka v. Panushka,* 221 Or. 145, 149-50 (1960)("In the absence of a showing that the parties have manifested an intention that the property should retain its present character, the general rule is that the conversion takes place when the contract is executed by the parties.").

7 - ORDER

This Court disagrees with the Magistrate Judge's analysis because it is based on the erroneous underlying premise that the term "owned" in the context of the "owned-property exclusion" in the American Family policy is ambiguous. Previously this Court held that substantially similar provisions are not ambiguous. *See Clarendon v. Am. Ins. Co. v. State Farm Fire and Cas. Co.*, 3:11-cv-01344-BR, 2013 WL 54032, at *10 (Jan. 3, 2013) ("owned-property exclusions such as this one are unambiguous and prohibit coverage for damage done to property owned" by a named insured). *See also Baumann v. N. Pac. Ins. Co.*, 152 Or. App. 181, 187-89 (1998).

In any event, Plaintiffs explicitly bring this action as assignees of Mathis, the insured, and stand in his shoes in order to have any "first-party" status in a direct action against American Family. Thus the coverage issue here goes beyond whether American Family should indemnify Mathis for covered losses it caused to Plaintiffs; the issue is whether Mathis is protected under this policy for losses it caused to its own property while constructing the house it built. For the reasons stated in *Clarendon* and *Baumann*, the Court concludes the owned-property exclusion applies and precludes such coverage.

Accordingly, having considered American Family's Objections and having reviewed the pertinent portions of the

8 - ORDER

record *de novo,* the Court **ADOPTS only in part** the Magistrate Judge's Findings and Recommendation and **GRANTS in part** and **DENIES in part** American Family's Motion for Summary Judgment.

### MID-CONTINENT'S MOTION FOR SUMMARY JUDGMENT

Mid-Continent moves for summary judgment that Plaintiffs lack standing to pursue their claims against Mid-Continent because its insurance policy issued to Mathis did not allow Mathis to assign his claims to Plaintiffs. Moreover, even if the assignment was valid, Mid-Continent argues the insurance policy issued to Mathis expressly excluded the property-damage claims asserted by Plaintiffs.

The Magistrate Judge found Mid-Continent's argument persuasive and concluded the "anti-assignment provision" in this case is "materially identical" to the anti-assignment provision in an insurance policy that was upheld by the Oregon Supreme Court in *Holloway v. Republic Indemnity Company of America,* 341 Or. 642 (2006). This Court agrees with the Magistrate Judge.

The Court also agrees with the Magistrate Judge that none of Plaintiffs' other arguments relating to the applicability of Oregon Revised Statute § 31.825 (assignment of a defendant's cause of action against the defendant's insurer in a tort action), the scope of the anti-assignment provision, or Mathis's

9 - ORDER

assignment of his rights under the insurance policy to Plaintiffs upon his death provide any basis to disregard the holding in *Holloway*. Thus, the Court agrees with the Magistrate Judge that the type of anti-assignment provision at issue in this case is plainly valid under *Holloway.*

Accordingly, having considered Plaintiffs' Objections and having reviewed the pertinent portions of the record *de novo,* the Court **ADOPTS** the Magistrate Judge's Findings and Recommendation and **GRANTS** Mid-Continent's Motion for Summary Judgment.

## CONCLUSION

For these reasons, the Court **ADOPTS only in part** Magistrate Judge Papak's Findings and Recommendation (#22). Accordingly, the Court **DENIES** Defendant American Family Insurance Company's Motion (#30) for Summary Judgment that Plaintiffs were required to prove their claims against Mathis in a trial proceeding based on the ambiguous phrase "through a trial"; **GRANTS** Defendant American Family Insurance Company's Motion (#30) for Summary Judgment that the owned-property exclusion in the American Family policy issued to Mathis excludes coverage for property damage that occurred on or before June 1, 2005; and **GRANTS** Defendant Mid-Continent Casualty Company's Motion (#34) for Summary Judgment.

Counsel shall confer and submit to the undersigned an appropriate form of judgment no later than January 31, 2013.

IT IS SO ORDERED.

DATED this 23rd day of January, 2013.

    /s/ Anna J. Brown
ANNA J. BROWN
United States District Judge

11- ORDER